HOLMES v. STATE.*

(Division A.   Feb. 21, 1927.   Suggestion of Error Overruled April 4, 1927.)

[111 So. 860.   No. 25766.]

1. CRIMINAL LAW.   *Intoxicating liquors.   Search and seizure held on probable cause, where officers, after learning where liquor was stored, observed defendant removing cans therefrom, and evidence was admissible (Const. 1890, section 23).*

   Search of automobile and seizure of liquor therein, *held* based on probable cause within Const. 1890, section 23, rendering evi-

dence admissible, where officers making search had been informed that whiskey was stored at certain place, and subsequently observed defendant removing cans therefrom in nighttime and placing them in automobile.

2. CRIMINAL LAW. *Trial judge must determine question of competency of evidence alleged to have been secured by illegal search.*

Question of competency of evidence, objected to on ground that it was secured by illegal search and seizure of automobile, or whether there was probable cause to search, is one for trial judge to pass on and decide.

3. CRIMINAL LAW. *Trial judge's refusal to determine motion to suppress alleged illegally secured evidence before trial held not erroneous.*

Trial judge's refusal to hear and pass on motion to suppress evidence, alleged to have been secured by illegal search, before beginning of trial and before evidence was offered, *held* not erroneous.

4. CRIMINAL LAW. *Defendant, failing to request preliminary examination as to probable cause for search in jury's absence, will be held to have waived right.*

Where defendant does not request that preliminary examination of witnesses as to probable cause for search and seizure be conducted in absence of jury, he will be held to have waived such right.

5. STATUTES. *Law requiring jail sentence on conviction for possessing whisky held unconstitutional because referring to former statute for imposition of fine (Laws 1922, chapter 210, section 1, Const. 1890 section 61).*

Laws 1922, chapter 210, section 1, requiring jail sentence in addition to fine prescribed by law on conviction for having more than one quart of whisky, *held* in violation of Const. 1890, section 61, in that it refers to former statute for imposition of fine.

6. INTOXICATING LIQUORS. *Indictment for unlawful possession of more than one quart of liquor held valid (Laws 1918, chapter 189, section 2).*

Indictment for unlawfully having in possession and control more than one quart of intoxicating liquor *held* valid under Laws 1918, chapter 189, section 2, authorizing punishment provided by such chapter on conviction thereunder.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 570, n. 90; p. 874, n. 99; p. 885, n. 63; p. 926, n. 62; 17CJ, p. 371, n. 49, 51; Intoxi-

cating Liquors, 33CJ, p. 667, n. 27; p. 679, n. 51, 54, 55; p. 732, n. 93; p. 786, n. 43; Statutes, 36Cyc, p. 1060, n. 76. As to sufficiency of showing of probable cause for search for intoxicating liquor, see annotation in 3 A. L. R. 1517; 13 A. L. R. 1318; 27 A. L. R. 742; 39 A. L. R. 835; 41 A. L. R. 1539; 24 R. C. L. 707; 3 R. C. L. Supp. 1383; 4 R. C. L. Supp. 1552; 5 R. C. L. Supp. 1295; 6 R. C. L. Supp. 1434.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

T. Bell Holmes was convicted for having in his possession more than one quart of intoxicating liquor, and he appeals. Reversed, and remanded for a new sentence, and otherwise affirmed.

*Kimbrough, Tyson & Kimbrough,* for appellant.

I.   Chapter 210, Laws of 1922, is violative of section 61, Constitution of Mississippi. This chapter does not create a separate and distinct offense, complete in itself, and prescribe the penalty for its violation. It is absolutely necessary to refer to chapter 189, Laws of 1918, to determine the penalty since no fine whatever is prescribed in the act. It is not a complete "plan" or "scheme" or "offense," *in addition* to one or more already in existence. It is a modification or alteration of existing laws—an amendment. There is a vast distinction between creating a new offense and in altering or amending one already existant. See *Canon* v. *State,* 105 So. 501; *Lucas* v. *State,* 130 Miss. 8, 93 So. 437.

It is true that this court has sustained a number of convictions under the act of 1922, but after a diligent search we are unable to find any such case in which the constitutionality of this act has been assailed. See *Anderson* v. *State,* 96 So. 163; *King et al.* v. *State,* 102 So. 840; *Mayor and Board of Aldermen, etc.,* v. *State ex rel., etc.,* 59 So. 873; *Seay* v. *Laurel Plumbing Co.,* 71 So. 9; *Nations* v. *Lovejoy,* 80 Miss. 401; *Bell* v. *State,* 79 So. 85.

Undoubtedly chapter 210, *supra,* has changed and altered chapter 189, Acts of 1918, and section 1275 of

146 Miss.—23.

Hemingway's Code. Then if our contention is sound, it is void and chapter 189, Laws of 1918, continues in force.

II. The court erred in declining to hear appellant's motion to suppress the evidence before commencing the trial of the cause on its merits and in not having a preliminary hearing on said motion out of the hearing of the jury, and in allowing the witnesses who arrested the defendant and made the seizure of the intoxicating liquors without a warrant, to testify in the presence of the jury to the information or "probable cause," on which they acted without a warrant.

In the light of *Moore* v. *State,* 103 So. 483, we do not contend that a search warrant, or a warrant for the arrest of defendant, is always essential to valid search or arrest. We believe that this court has held that a preliminary motion is not essential to the preservation of the right of a defendant to move to exclude evidence illegally procured, but the court has not, so far as we know, held that such motion is improper. On the contrary, this court in more than one case has adopted the holdings of the supreme court of the United States with reference to a search and seizure without a warrant, and under the practice in that court the preliminary motion to suppress *must* be made before or at the commencement of the trial.

In determining whether or not a search warrant shall issue, the officer applied to for its issuance exercises judicial discretion as to the sufficiency of grounds and causes assigned therefor. His act in determining the sufficiency for the issuance of the warrant is a judicial act, repeatedly so held by this court and as late as *Hendricks* v. *State,* 109 So. 263.

Where the arresting officer assumes to act without a warrant the question inevitably thereafter arises as to the sufficiency of "probable cause" on which he acted. This question must be determined judicially. The court before whom the defendant or the incriminating physi-

cal or other evidence is brought, must, as a preliminary and necessary step in the trial of the cause, determine judicially as to the sufficiency of the information, or as to the "probable cause," on which the arresting officer acted.

The determination of the question of "probable cause" is a judicial one and should not be heard and determined in the presence of the jury. *Iupe* v. *State,* 105 So. 520.

*W. A. Scott, Jr.,* Special Agent, for the state.

I.   *Chapter* 210, *Laws of* 1922, *is an entirely new enactment and does not amend prior laws.* Previous to its adoption by the legislature there was no statute differentiating a prosecution for the possession of one quart of liquor or for the prosecution of less than one quart. This chapter carved out an entirely new offense and prescribed an entirely new penalty. Of course, if the court takes this view of the law, then it is not violative of the constitution.

II.   *Appellant was not prejudiced by the introduction of the testimony before the jury showing probable cause.* The question of probable cause, as a general rule, is a judicial one and should be determined by the court in the absence of the jury. However, in the present case the testimony shows that the sheriff stated that he had been informed by two reliable men that liquor was secreted in a cottonhouse on the Holly Grove plantation. The sheriff did not testify as to who owned this liquor and the record shows that no such information was given him either by Mr. Cooper or Dr. Kelly. The above was practically all of the testimony on the subject of probable cause that reached the jury. We admit that if in addition to the above information these parties had told the sheriff that they believed the defendant owned the liquor, and this had been testified to by the sheriff on the stand, the cause of the defendant might have been

prejudiced. But, in this case, no mention at all was made of the defendant's owning or claiming any part of the liquor. We submit on this point that the testimony was not prejudicial to the defendant's cause.

Argued orally by *W. A. Scott,* Special Agent, for the state.

COOK, J., delivered the opinion of the court.

The appellant, T. Bell Holmes, was indicted by the grand jury of Leflore county, on a charge of unlawfully having in his possession and under his control more than one quart of intoxicating liquor. He was tried and convicted of this offense, and sentenced to pay a fine of two hundred fifty dollars and to serve a term of ninety days in jail, from which conviction he has appealed to this court.

The sheriff and his deputy testified, in substance, that they received information from Mr. Cooper, the manager of the Holly Grove plantation, and from Dr. Kelly, that whisky was stored in a cotton house located on the side of the public road on the Holly Grove plantation, and if they would be diligent they could find the parties who owned the liquor; that they went to the place and secreted themselves in another cotton house on the opposite side of the public road, which was about seventy-five feet away from the one in which the intoxicating liquor was stored; that, after waiting about two hours, the appellant and another party drove up in an automobile and stopped in the road in front of the cotton house; that these parties went into the cotton house and brought three five-gallon cans out to the car; that the appellant placed one of these cans in the car, and was in the act of putting the other two cans into the car when they closed in on them and arrested the appellant and his partner, searched the car, and secured the can of whisky therefrom, as well as the two cans sitting by the car.

The deputy sheriff testified that, when he first went to the place, he looked into the cotton house and saw the cans therein, but both officers testified that they had no actual knowledge of the contents of the cans until they opened them after the appellant had been arrested.

At the trial of the cause, after both sides had announced ready for trial and before any testimony had been offered, the appellant filed a motion to suppress the evidence and quash the indictment against him on the ground that the state proposed to introduce against him, at the trial of the cause, certain intoxicating liquors taken from him by means of an unlawful arrest and search and seizure, in violation of his rights under section 23 of the Constitution of 1890, that he was neither guilty of a felony nor a misdemeanor committed in the presence of the officers arresting him, and that all the evidence obtained by said officers by reason of the said illegal arrest and search and seizure was highly prejudicial to his rights and inadmissible on the trial of the cause. The appellant presented this motion to the court, and requested a ruling thereon, but the trial judge announced that he would reserve his ruling and would rule thereon at the proper time in the course of the trial. Thereupon the trial proceeded, and, when the testimony as to the finding of the whiskey, as well as the whiskey itself was offered, the appellant interposed an objection, which was overruled. When the testimony of these witnesses, as to the information upon which they acted, was offered to show probable cause for the search of the automobile, seizure of the whiskey, and arrest of the appellant, an objection thereto was made and overruled, but the appellant did not request the court to conduct the examination out of the presence and hearing of the jury to determine the competency of this testimony.

The appellant assigns as error the failure of the court to exclude the evidence and direct a verdict of acquittal on the ground that the evidence had been secured by an unlawful arrest and search and seizure. The informa-

tion communicated to these officers that whiskey was stored in this cotton house, in connection with the fact that appellant was moving the containers from this house in the nighttime and placing them in an automobile on the public highway, was probable cause to warrant the search of this automobile; and the fact that, as an incident to the search and seizure, the appellant was arrested, does not render inadmissible the evidence secured by the search; and we do not think there was error in admitting this evidence.

The appellant also assigns as error the refusal of the court to hear and pass upon his motion to suppress the evidence before beginning the trial on the merits, and the failure of the court to conduct a preliminary examination out of the hearing of the jury on the question of probable cause. The question of the competency of evidence, objected to on the ground that it was secured by an illegal search and seizure of an automobile, or whether there was probable cause for such search, is one for the trial judge to pass upon and decide. *McNutt* v. *State,* 143 Miss. 347, 108 So. 721; *Ben Holley* v. *State,* — Miss. —, 111 So. 139. It is not error, however, for the trial judge to refuse to hear and pass upon a motion to suppress such evidence before the trial begins and before such evidence is offered. Before the trial begins, the court cannot know or determine what evidence may be offered, and the trial judge should not be required to go through the useless formality of conducting an inquiry to determine the competency of testimony that may never be offered at the trial. When such evidence is offered and proper objection interposed, it then·becomes the duty of the trial judge to pass upon and decide the question of its competency; and where, in order to determine its competency, it becomes necessary to determine whether there was probable cause for the search and seizure, the examination of the witnesses as to probable cause should be conducted in the absence of the jury, if the defendant so requests; but, where the

defendant does not request that this preliminary examination be conducted in the absence of the jury, he will be held to have waived this right. No such request was made in this case; consequently, the appellant cannot now complain of the fact that the testimony as to the existence of probable cause was heard in the presence and hearing of the jury.

The appellant demurred to the indictment on the ground, among others, that chapter 210, Laws of 1922, violates section 61 of the Constitution of 1890; and upon appeal he assigns as error the failure of the court to hold this statute unconstitutional.

Section 2 of chapter 189, Laws of 1918, provides that it shall be unlawful for any person to have, control, or possess in this state any intoxicating liquor of any kind; while section 17 of the act provides that, upon conviction of such offense, the defendant shall be punished by a fine of not less than one hundred and not more than five hundred dollars, or by imprisonment in the county jail not more than thirty days, or by both said fine and imprisonment. Section 1 of chapter 210, Laws of 1922, provides that any person convicted of having more than one quart of whisky, or any other intoxicating drink in his possession shall be sentenced to serve not less than thirty nor more than ninety days in jail, in addition to the money fine prescribed by law. Under chapter 189, Laws of 1918, it is made unlawful for any person to control or possess any quantity of intoxicating liquor, and a penalty therefor is thereby fixed. Section 1 of chapter 210, Laws of 1922, attempts to materially increase the penalty for possessing such liquors in quantities of more than a quart, and to withdraw from the trial judge the discretion to impose a term of imprisonment in each case of less than thirty days. This section, however, is not complete on its face, and it does not create and provide for the punishment of a new offense. In our opinion, it was intended merely to amend section 17 of chapter 189, Laws of 1918, which provides punishment for the possession

of intoxicating liquors. It refers to the former statute for the imposition of the fine, and in that regard its language is identical with that of section 2 of the same act which we have this day, in the case of *Buford* v. *State*, 111 So. 850, held to violate section 61 of the Constitution, which provides that "no law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length." The question of the constitutionality of section 1 of this act is therefore ruled by the case of *Buford* v. *State*, *supra*, and this section must likewise be held void. The demurrer to the indictment, however, was properly overruled, as the indictment is perfectly valid under section 2 of chapter 189, Laws of 1918, and, upon a conviction thereon, the punishment provided by that chapter may be imposed. In so far as it imposes sentence on the verdict, the judgment of the court will therefore be reversed, and the cause remanded for a new sentence, but in all other respects it will be affirmed.

*Affirmed in part, and reversed in part.*