RONEY *v.* STATE.*

(Division A.   May 9, 1927.)

[112 So. 601.   No. 26451.]

1. CRIMINAL LAW. *Prosecuting attorney had right to introduce keg of whisky and exhibit glass of whisky drawn therefrom.*

   In prosecution for possession of more than one quart of liquor, prosecuting attorney had right to introduce keg of whisky in evidence and exhibit glass of whisky drawn therefrom.

2. INTOXICATING LIQUORS. *Sentence of three months in jail and fine of five hundred dollars for possession of more than one quart of liquor held excessive (Laws 1918, chapter 189, section 17; Laws 1922, chapter 210, sections 1, 2).*

   Under Laws 1918, chapter 189, section 17, sentence of three months in county jail and fine of five hundred dollars on conviction of having in possession more than one quart of liquor *held* excessive, in view of fact that Laws 1922, chapter 210, sections 1 and 2, have been declared void.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 620, n. 63, 64, 65; Intoxicating Liquors, 33CJ, p. 796, n. 37; p. 797, n. 39.

APPEAL from circuit court of Jones county, Second district.

HON. W. L. CRANFORD, Judge.

C. M. Roney was convicted for possession of more than one quart of intoxicating liquor, and he appeals.

Affirmed, except as to sentence, and reversed and remanded for proper sentence.

*Bush & Boyd,* for appellant.

Counsel for appellant earnestly urges that counsel for the state should not have been allowed to take contents from kegs that purported to be introduced in evidence, and to comment upon said contents in the presence of the jury when the contents were never introduced.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

The record does not show when this bill of exceptions was presented to the court. The record does not show that the defendant objected to the argument made by the district attorney before the jury retired. In *King v. State,* (Miss), 111 So. 378, this court held that the defendant should object to argument of counsel before the jury retired in order to put the court in error. However, the facts stated in this bill of exceptions was not error. The liquor in question had been introduced in evidence and the district attorney in his argument had the right to exhibit it to the jury.

McGowen, J., delivered the opinion of the court.

The appellant was convicted on an indictment charging him with unlawfully having in his possession more than one quart of intoxicating liquor, and was sentenced to pay a fine of five hundred dollars and to serve a term of three months in the county jail. From this judgment, he prosecutes an appeal.

Upon examination, we find no error in this record. The peremptory instruction for the defendant was properly refused. We think the prosecuting attorney had the right to introduce the keg of whisky in evidence and to exhibit a glass of whisky drawn from such keg.

There is no merit in the application for a continuance of the cause; and this case should be affirmed but for the sentence imposed by the court. The attorney-general

calls our attention to the excessive sentence imposed by
the court below and to the fact that sentence should have
been imposed under section 17, chapter 189, Laws of 1918.

In the case of *Mike Buford* v. *State* (No. 25764), 111
So: 850, the opinion in which was handed down on Feb-
ruary 21, 1927, we held that section 2, chapter 210 of the
Laws of 1922, was void in that such section violated sec-
tion 61 of our Constitution. On the same day, in the
case of *T. Bell Holmes* v. *State* (No. 25766), 111 So. 860,
the court also held that section 1, chapter 210, Laws of
1922, was void for the reason set forth in the *Buford
case, supra;* and both cases were remanded for proper
sentence and are controlling in this case. Under the law
as it now stands in the light of these opinions, the court
has not the power to impose ninety days' imprisonment
in jail as punishment for having in possession more than
one quart of whisky. Therefore this cause is affirmed
in all respects except as to the sentence.

Affirmed, except as to sentence; reversed and remand-
ed for proper sentence.

*Affirmed.*
*Reversed and remanded.*