RAINES *v.* STATE.*

(Division A. Oct. 10, 1927.)

[114 So. 125. No. 26594.]

1. CRIMINAL LAW. *Transcript of record of justice court, with certificate that all original papers were contained therein, held sufficient (Hemingway's Code 1927, sections 63, 64).*

Transcript of record of justice court in prosecution for intoxicating liquors and certificate of justice of the peace to effect that such papers were the original papers on file, together with a true and correct copy of judgment, costs, appeal bonds, affidavits, warrants, etc., and all the case and papers pertaining thereto, *held* sufficient, under Code 1906, sections 83, 84 (Hemingway's Code 1927, sections 63, 64), providing the method for making and certifying transcript.

2. CRIMINAL LAW. *Sentence under invalid statute on conviction for possession of liquor held improper, requiring remand for resentence (Laws 1918, chapter 189, section 17; Laws 1922, chapter 210, section 1).*

Sentence on conviction of possessing intoxicating liquor, under Laws 1922, chapter 210, section 1, which had been held unconstitutional, *held* improper, requiring remand for imposition of sentence, under Laws 1918, chapter 189, section 17.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 344, n. 89; 17CJ, p. 371, n. 49, 51.

APPEAL from circuit court of Union county.

HON. T. E. PEGRAM, Judge.

Bob Raines and another were convicted of possession of intoxicating liquors, and they appeal. Affirmed in part, and in part reversed, and remanded for a new sentence.

*B. N. Knox,* for appellant.

The circuit court had no jurisdiction to try the case. *Cook et al.* v. *State,* 110 So. 443; *McLain et al.* v. *State,* 110 So. 441; *Borders* v. *State,* 138 Miss. 788; *Young* v. *State,* 140 Miss. 165; *Rogers* v. *City of Hattiesburg,* 99 Miss. 639; *Hughston* v. *Cornish,* 59 Miss. 372.

The court should have sustained the motion of the appellant, Bob Raines, made at the end of the testimony for the state for a directed verdict because the only thing that can be-said from this record as to Bob Raines being in possession of liquor is that he was probably close to it. The circumstantial evidence shows that if anyone had it under their control or possession it was Lee Raines. It was not a violation of the law for Bob Raines to be in a car in which another party "controlled or possessed" liquor. *Powers* v. *State,* 124 Miss. 425; *Brazeale* v. *State,* 133 Miss. 171; *Hartness* v. *State,* 130 Miss. 673; *Anderson* v. *State,* 132 Miss. 147; *Medlin* v. *State,* 108 So. 177.

This case should be reversed and remanded.

*Rufus Creekmore,* Assistant Attorney-General for the state.

I. Counsel argue that the circuit court had no jurisdiction to try this cause because of the fact that the certificate of the justice of the peace was not in the record. The record as originally prepared by the circuit clerk did omit this certificate therefrom but by agreement of counsel this defect in the record has now been cured and the

curing of this defect effectually answers the argument of counsel on this point.

II. Counsel argue that the evidence is insufficient to sustain the jury verdict of guilty.

With reference to the defendant Lee Raines, there can be no question but that the evidence is sufficient since the testimony shows that the whiskey was found at a point to which the tracks led from the car and from which point they led back to the car, there being no other tracks thereabout. With reference to the defendant, Bob Raines, the proof shows that he was the driver of the car in which the whiskey was located and that he was driving the car under such circumstances as would make it impossible for him not to know that the whiskey was in it. It is submitted that the proof is certainly sufficient to show that the defendants were exercising joint possession and control over the whiskey and that each of them was equally guilty of the crime.

The sentence imposed by the judge in this case was, evidently under chapter 210, Laws of 1922, providing for the fine of five hundred dollars and imprisonment of ninety days in jail, where a person is convicted of having more than one quart of intoxicating liquor. In the case of *Holmes* v. *State,* 111 So. 860, this statute was held to be unconstitutional and the fine and imprisonment imposed under the provisions of such statute was void. This is the same situation as is presented in the case at bar and it is therefore, suggested that the fine of five hundred dollars and the jail sentence of ninety days imposed by the court is excessive, but the judgment of the lower court in that respect should be modified so as to make the fine and jail sentence be not more than five hundred dollars and thirty days in jail.

COOK, J., delivered the opinion of the court.

The appellants were convicted in a justice of the peace court on a charge of possessing intoxicating liquors.

They appealed to the circuit court, where they were again tried and convicted, and sentenced to pay a fine of five hundred dollars and serve ninety days in jail. From this conviction and sentence, they prosecuted this appeal.

The appellants seek a reversal of this cause on two grounds: First, that the evidence is insufficient to sustain a verdict of guilty; and, second, that the transcript of the record of the proceedings in the justice of the peace court and the certificate thereto are insufficient to confer on the circuit court jurisdiction of the cause.

Without here setting forth the testimony on behalf of the state, it will be sufficient to say that we have carefully examined the testimony and are of the opinion that it fully warrants the verdict returned by the jury.

The record now before us shows the affidavit on which the conviction is based, the warrant for appellants' arrest, with the sheriff's return thereon, the bond for their appearance in the justice court, the judgment of the justice court, and the bond for appeal to the circuit court, to which it attached a certificate of the justice of peace before whom the cause was tried, which omitting the formal parts, reads as follows:

"I, J. G. Gresham, a duly qualified justice of the peace in and for the Second district of said county, do hereby certify that the foregoing and annexed file of papers in above-styled cause contains the original papers on file with me, together with a true and correct copy of the judgment therein, costs, appeal bonds, affidavits, warrants, etc., all the case and papers pertaining in *State, Plaintiff,* v. *Bob and Lee Raines, Defendants.*"

Section 83, Code 1906 (section 63, Hemingway's Code 1927), provides that, on appeal from a justice court to the circuit court, the justice of the peace shall at once make up a transcript of the record and promptly transmit the same to the clerk of the circuit court; while section 84, Code 1906 (section 64, Hemingway's Code 1927), provides a form for the certificate which may be used by the justice of the peace in certifying to this transcript.

In the case at bar, we think the transcript of record and certificate thereto substantially comply with the requirements of these sections and were sufficient to confer jurisdiction of the cause on the circuit court.

The sentence of five hundred dollars and ninety days in jail was manifestly imposed under section 1, chapter 210, Laws of 1922. In the case of *Holmes* v. *State,* 146 Miss. 351, 111 So. 860, this section was held to be unconstitutional, and, consequently, the punishment should have been imposed under section 17, chapter 189, Laws of 1918, which provides that, on conviction of this offense, the defendant shall be punished by a fine of not less than one hundred dollars and not more than five hundred dollars, or by imprisonment in the county jail not more than thirty days, or by both said fine and imprisonment.

Therefore, in so far as it imposes sentence on the verdict, the judgment of the court below will be reversed, and the cause remanded for a new sentence, but in all other respects it will be affirmed.

*Affirmed in part, and reversed in part.*