OWENS v. STATE.

(In Banc. Feb. 12, 1934.)

[152 So. 651. No. 30853.]

Chas. S. Mitchell, J. W. P. Boggan and Claude F. Clayton, all of Tupelo, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **J. W. P. Boggan** and **Chas. S. Mitchell**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**McGowen, J.**, delivered the opinion of the court.

Bob Owens was indicted for the murder of R. B. Johnson, was tried by a jury, convicted, and sentenced to be hanged. From this sentence, he prosecutes an appeal.

We deem it unnecessary to state the facts of this killing in detail, save to say that Mr. Johnson was a white man who lived alone in the country and was found with his head beaten almost to a pulp by the use of some stick or bludgeon. There were signs that a struggle with his assailant had taken place in his house, and it appeared that he was robbed. The killing occurred at night. The case rests entirely upon the state's evidence, as none was introduced by the defendant.

1. On the facts of the case there was ample evidence to support the verdict, and there was no error in the admission or rejection of evidence by the court. We find no reversible error in the instructions given.

2. The appellant argues that the court erred in overruling his motion for a change of venue. The contention is without merit. On the hearing the state offered about thirty witnesses, apparently from all sections of the county, and the defendant offered about twenty-five witnesses. Without analyzing the testimony we will say that the state of facts as to the state of mind of the public in Lee county was practically the same as that described in the cases of Butler v. State (Miss.), 39 So. 1005, and in Jones v. State, 133 Miss. 684, 98 So. 150, in which cases the court below overruled a motion for a change of venue.

3. The court committed no error in ordering the clerk not to issue process for five hundred fifty witnesses desired by appellant as witnesses on the motion for a change of venue. The court permitted one hundred witnesses to be summoned from appellant's list. Appellant's counsel declined to select one hundred from that list, thereupon the clerk had that number summoned by process. It is always within the power of the court to deny an unreasonable demand. It further appears that only fifty-five witnesses were examined by both the state and the defendant on the change of venue, and the sentiment of the county was thoroughly sounded.

4. Appellant urges that the court committed error in not inquiring into the admissibility of certain confessions which the defendant alleged would likely be used by the state in the trial of the case. This motion was made prior to the impaneling of the jury. The court properly declined to go into that matter at that time. The principle has been settled by this court in Holmes v. State, 146 Miss. 351, 111 So. 860.

The defendant asked for a special venire of two hundred fifty citizens. The motion for a special venire was sustained but the number thereof was limited to one hundred. This was a matter within the discretion of the court and was not abused in this case. See section 2061, Code 1930.

On the whole record we are fully persuaded that the appellant has had a fair and impartial trial before a fair and impartial jury, and that there is no reversible error herein.

The death penalty will be executed in this case and Friday, the 16th day of March, 1934, is fixed as the date for his execution.

Affirmed.