JOHNSON v. STATE.*

SAME v. CITY OF WATER VALLEY.

(Division A.   March 7, 1927.)

[111 So. 595.   No. 26215.]

1. SEARCHES AND SEIZURES.   *Affidavit and search warrant held to
   sufficiently describe premises.*
   Description in affidavit and warrant for search of "premises of
   J——, located on H—— street, in city of ——, Miss.," *held* suf-
   ficiently accurate.

2. SEARCHES AND SEIZURES.   *Search warrant may be made returnable
   before police justice, residing outside district of justice of peace
   taking affidavit and issuing warrant.*
   It is immaterial that search warrant was made returnable before
   a police justice, who resided outside the district of the justice
   of the peace who took the affidavit and issued the warrant.
   146 Miss.—38.

3. SEARCHES AND SEIZURES. *Search held not illegal because partici-
   pated in by justice who took affidavit and issued warrant.*
   Search is not illegal because the justice, who took affidavit and
   issued warrant, participated in the search with the officers, the
   warrant not being served by him, but by the marshal.

4. SEARCHES AND SEIZURES. *Search, being continuous, held not void
   because of officers going over a second time.*
   Search was not void because the officers went over the building a
   second time, it not having been previously abandoned or com-
   pleted, but being continuous.

5. STATUTES. *Sentence for unlawful possession of liquor should be
   imposed, under statute in force prior to unconstitutional statute
   of 1922 (Laws 1922, chapter 210, sections 1, 2).*
   Laws 1922, chapter 210, sections 1, 2, being unconstitutional and
   void, sentence for unlawful possession of liquor should be im-
   posed under the statutes theretofore existing and in force.

*Corpus Juris-Cyc References: Intoxicating Liquors, 33CJ, p. 677,
n. 15; p. 681, n. 82; p. 682, n. 96; p. 683, n. 12; Searches and Seizures,
35Cyc, p. 1266, n. 13, 16; p. 1268, n. 27 New, 29; Statutes, 36Cyc, p.
1056, n. 57. As to sufficiency of description in affidavit for search
warrant of property to be searched, see annotation in 3 A. L. R. 1518;
13 A. L. R. 1318; 24 R. C. L. 714; 3 R. C. L. Supp. 1383; 4 R. C. L.
Supp. 1553.

APPEAL from circuit court of Yalobusha county, sec-
ond district.

HON. GREEK P. RICE, Judge.

Joe Johnson, on prosecutions by the state and by the
city of Water Valley, was convicted of unlawful posses-
sion of intoxicating liquors, and he appeals. City case
affirmed; state case affirmed, except as to sentence, and
remanded for proper sentence.

*Wade H. Creekmore,* for appellant.

I.   The description embodied in the search warrant is
insufficient to meet the constitutional and statutory re-
quirements of law and any search based on this warrant
was, therefore, void. *Hendricks* v. *State,* 144 Miss. 87,
109 So. 263; *State* v. *Rignall,* 134 Miss. 169; *State* v.

*Moore* (Miss.), 24 So. 308; *Morton* v. *State*, 136 Miss. 284, 101 So. 379; Cornelius on Search & Seizure, 348.

II.   A justice of the peace issuing a search warrant cannot serve or execute the same warrant and, if he does so, the proceedings are void.   Sections 2230-31, Hemingway's Code; 32 Cyc. page 451; *McDugle* v. *Filmer*, 79 Miss. 53; *Arnold & Jemison* v. *Wynne*, 26 Miss. 337; *Sanford* v. *Edwards*, 19 Mont. 56; A. S. R. 42; Cornelius on Search & Seizure, section 149, page 372.

III.   Search warrant invalid because issued by justice of the peace of supervisor's district No. 3 when there was an acting justice of the peace in District No. 2, in which district defendant lived and in which district the search was made.   Section 2223, Hemingway's Code; section 171, Mississippi Constitution; 73 Miss. 1.

IV.   Search on which conviction is based was void because officers had already searched the place under the only warrant they had and could not make repeated searches under the same warrant.   Cornelius, Search & Seizure, page 363.

V.   An excessive sentence was imposed upon the defendant.   Section 2163-B, Hemingway's Code, supplement of 1921; *Gann* v. *State*, 110 So. 439 (Miss.), which is decisive of this question.   In the case before the court the sentence imposed upon the defendant carries a greater penalty than the maximum penalty prescribed under the general statute.

*W. A. Scott, Jr.*, Special Agent, for the state.

The appellant contends that a variance exists between the affidavit and warrant in that the affidavit describes the premises to be searched as "at his residence and where he now lives," while the warrant fails to limit the

description to appellant's residence. We do not think that this omission creates a material variance, because the warrant, even with this omission, accurately describes the property as "in or on the premises of Joe Johnson, located on Haynes street in the city of Water Valley, Mississippi." It is true that both the affidavit and warrant must specifically describe the property to be searched. *Morton* v. *State,* 101 So. 379, 136 Miss. 284. The description required, however, is not the technical description of a deed of conveyance, but any description is sufficient that enables the officer with reasonable certainty to locate the place to be searched and sufficiently enables the occupant of the premises to know, from the warrant, the place the officer is directed to search. *Loeb* v. *State,* 133 Miss. 884, 98 So. 449; *Matthews* v. *State,* 134 Miss. 807, 100 So. 18; *Borders* v. *State,* 138 Miss. 788, 104 So. 145; *Bradley* v. *State,* 98 So. 458, 134 Miss. 20.

The description may be one used in the locality and known to the people, if it is sufficiently suggestive that an officer by reasonable inquiry, may locate with certainty the place. *Bradley* v. *State,* 98 So. 458, 134 Miss. 20. We think, therefore, that no variance exists because of the omission in the warrant of the words "at his residence, etc."

The appellant cites several cases to the effect that a warrant directing a search of a person's premises is too vague and indefinite to meet the constitutional requirement of a specific description. However, the cases merely hold that a warrant directing the search of a person's premises is void when the word "premises" is used without any other description and without any words of occupancy or use. *Rignall* v. *State,* 98 So. 444, 134 Miss. 169. In the present case both instruments limit the word "premises" to that of Joe Johnson, located on Haynes street in the city of Water Valley, Mississippi.

Appellant also complains because the justice of the peace who issued the warrant was a member of the party that searched appellant's home. The warrant was in

fact handed to the constable and was executed by him, who returned it to a justice of the peace in a district other than that in which it was issued. The fact that the issuing justice was a member of the searching party and did find the evidence does not invalidate the search as he was not executing his own writ, but was merely assisting in the search as he had a right to do. The appellant cannot be prejudiced because the writ was not made returnable to the justice participating in the search, but to a justice in another district.

The warrant was not void because issued by a justice of the peace in District No. 3 for search of premises located in District No. 2. Each justice of the peace has jurisdiction concurrent with his county insofar as issuing writs is concerned. The constitution does not prohibit this jurisdiction, but used the word in the sense that no justice of the peace can take jurisdiction of a cause on its merits except it arise in his particular district.

Under *Mike Buford* v. *State,* —— Miss. ——, 111 So. 850, which held chapter 210, Laws of 1922, to be unconstitutional, we request that the case be affirmed on its merits, but reversed for proper sentence.

McGOWEN, J., delivered the opinion of the court.

Appellant, upon indictment, was convicted in the circuit court of the Second district of Yalobusha county, for unlawfully having in his possession intoxicating liquors, and was fined five hundred dollars, and sentenced to ninety days' imprisonment.

The main objection here urged by the appellant is that the affidavit and search warrant, used as a basis for the search of Joe Johnson's house, is invalid. The material part of the affidavit is as follows:

That appellant had in his possession intoxicating liquors "in or on the premises of Joe Johnson, located on Haynes street, in the city of Water Valley, Miss., between Cemetery street and Calhoun street, and on the

said Haynes street, in the city of Water Valley, Miss., at his residence and where he now lives, and to search all the rooms in said dwelling house, and all outhouses and all other places on said premises in said county and state;'' and the affidavit prays that a warrant issue, ''directing a search of the above-mentioned premises of the said Joe Johnson, and a seizure,'' etc.

That part of the warrant, to which complaint is made, is as follows:

''.   .   . In or on the premises of Joe Johnson, located on Haynes street, in the city of Water Valley, Miss., in said county and state.''

The officers found seventeen quarts of whiskey in the residence of Joe Johnson on Haynes street.

We think the affidavit and warrant contained a sufficiently accurate description to authorize and legalize the search made in this case; that the occupant of the premises, when served with the warrant, was sufficiently enabled to show, as were all parties in interest, the particular place to be searched. *Loeb* v. *State,* 133 Miss. 884, 98 So. 449; *Matthews* v. *State,* 134 Miss. 807, 100 So. 18; *Borders* v. *State,* 138 Miss. 788, 104 So. 145; *Bradley* v. *State,* 134 Miss. 20, 98 So. 458. Especially in point is the *Bradley case, supra.* The word ''premises'' is limited to that of Joe Johnson's place, the street, the city, the county, and the state being named, and the variance, is any, is immaterial.

Second. It is urged for reversal that Will Walker, a justice of the peace of beat 3, took the affidavit and issued the search warrant returnable before J. W. Young, a police justice of the city of Water Valley, it being shown that his residence on Haynes street was in the city of Water Valley, and not in supervisors' district No. 3, of which Walker was the justice of the peace. This court has repeatedly held that there is no merit in such a contention.

Third. The contention is without merit that the search was illegal because Walker, the justice of the peace,

who theretofore took the affidavit and issued the search warrant, afterwards, in company with the marshall of the city, the sheriff of the county, and other officials, participated in the search, and, being a carpenter, found the whisky between the ceiling and the outer wall, a place adapted to the concealment thereof. The justice of the peace did not serve the warrant, but the warrant was served by the marshal of the city, C. T. Doyle.

Fourth. It is next urged that the search was void because the officers, having gone through the house once and gone to the yard, returned and continued their search; that repeated searches are not permissible under the same warrant. The answer to the proposition is perfectly patent; that the search, as detailed by the officers, was a continued search of the residence of the appellant, and had not been abandoned or completed, as shown by the record.

Fifth. It is again urged that the sentence imposed in this case exceeded that permitted by the statutes, and this contention is correct. In the cases of *Buford* v. *State*, 111 So. 850, *Georgia Jordan* v. *State*, 111 So. 860, and *T. Bell Holmes* v. *State*, 111 So. 860, handed down by this court, Monday, February 2, 1927, we held that sections 1 and 2 of chapter 210 of the Laws of 1922 were unconstitutional and void, and that sentence should be imposed under the statutes theretofore existing and in force prior to the date of the approval of said act.

The state case here appealed is affirmed in all respects except as to the sentence imposed, and the cause will be remanded to the lower court in order that the proper sentence may be imposed, and for no other purpose.

In the companion city case we find no error, and the conviction and sentence in that case is affirmed.

The city of Water Valley case is affirmed.

The state case is affirmed in all respects except as to the sentence. Reversed and remanded only for the purpose of imposing a proper sentence therein.

*Affirmed and remanded.*