# Adams *v.* State.

(Division B.   May 19, 1947.)

[30 So. (2d) 593.   No. 36372.]

**Wall & Wall**, of Brookhaven, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**L. A. Smith, Sr.**, delivered the opinion of the court.

The district attorney appeared before a justice of the peace in Lincoln County, and on his affidavit obtained a search warrant, properly addressed to any lawful officer of Lincoln County, authorizing the search of appellant's home in the City of Brookhaven, and her arrest, on the allegation that therein she possessed and sold intoxicating liquor in violation of law. On the evidence obtained, she was convicted on an indictment charging such possession.

Armed with this search warrant, and a copy thereof, the district attorney sought and obtained the company of a deputy sheriff, to whom he gave only the copy, retaining the original himself. Thereupon, he, accompanied by the deputy, raided the premises of Minnie Adams, the appellant. On the trial of the case, the district attorney introduced the deputy and himself as the sole witnesses for the State. We quote from the testimony of the district attorney: "As we pulled up in the yard, come right out of the alley and parked out there, Minnie looked out the door and ran back in the house. Mr. Brueck jumped out of the car and run in front of the car and started around one way. I heard the commotion in there as I was leaving the car and I ran down side of the car to the side door. I could hear the bottles, jugs and everything else breaking and rattling in there before

I got to the door. The door was latched. I ran into the door and busted it open. As I entered the room Minnie Adams had a crock or vessel throwing some stuff out the window just as Mr. Brueck went by the window.'' The district attorney had substantially completed the search, and located both whiskey and wine before the deputy sheriff came into the house. The district attorney further testified that, about the start of the search, ''I looked over to one side and found a half gallon jug full of homemade whiskey. I made for it and grabbed it. Just as I got my hand on it Minnie hit my hand with an empty pint bottle and broke the top of that off, but we got some whiskey out of that. About that time Joe came in from around the house. . . .''

The deputy sheriff said on the witness stand he never did serve the warrant on appellant, never did tell her he had it, or read it to her. He merely laid it on a table in one of the rooms, after he came into the house. The district attorney testified he did not know what the deputy did with the warrant. He, himself, without lawful authority to serve it, never removed the original from his pocket. Just before the arrest, and after the search, the district attorney saw appellant reading the copy of the search warrant, and before that moment the deputy had already learned what he discovered as to the possession of the intoxicating liquors.

When offered on the trial in the circuit court, timely objection to the evidence, thus obtained, was made by appellant and separately heard by the court, who ruled it to be competent. When the district attorney offered himself as a witness for the State at the trial, the further objection was made to ''the district attorney testifying to all the testimony he may give.'' This objection was also overruled.

Assignments of error here raise the two points, first, whether the evidence obtained on this raid was competent against appellant; second, whether the district

attorney should have been permitted to testify against appellant under the circumstances.

The State relies largely on Johnson v. State, 146 Miss. 593, 111 So. 595, wherein we said that a search is not illegal because the justice of the peace, who took the affidavit and issued the warrant, participated in the search with the officers. The State also argues that appellant can take no comfort from Brashier v. State, 197 Miss. 237, 20 So. (2d) 65, 157 A. L. R. 311. We held there that a presiding judge could not testify while presiding at the trial. We think the issues here reach into the fundamentals of the office of the district attorney, and must be decided on that basis.

Chapter 6, Title 17, Code 1942, prescribes the duties of a district attorney. Section 3920, to appear in court and prosecute; Section 3921, to attend deliberations of grand jury; Section 3922, to pass on public accounts; Section 3923, to give opinions and prosecute public debtors; Section 3924, deals with pro tempore appointments; Section 3925, see to collection of fines; and Section 3926, to institute and prosecute suits to vacate fraudulent conveyances; and Section 3927, refers to antitrust suits. No statute authorities the district attorney to act as a peace officer. All his powers are statutory, pursuant to the direction of Section 174, Constitution 1890. The authority so conferred imports also such incidental powers as necessarily attend the discharging of statutory duties. And he has also certain other statutory auxiliary authorizations not necessary to be listed here. This officer had no common-law powers. Capitol Stages, Inc., et al. v. State ex rel. Hewitt, District Attorney, 157 Miss. 576, 128 So. 759.

Certainly, ''The prosecuting attorney should exercise diligence in prosecuting for criminal offenses, and where he is informed that a crime has been committed, but no complaint has been made, it is his duty to inquire into the facts, but he is not required to assume the functions of a detective and undertake personally to discover the cir-

cumstances of the alleged offense. . . . He cannot control the action of the sheriff or marshal in the execution of warrants. . . . In conducting a criminal case, the prosecuting attorney must be fair and impartial, *and see that defendant is not deprived of any constitutional or statutory right.*" Section 42C, 18 C. J. 1314; 27 C. J. S., District and Prosecuting Attorneys, Sec. 14. (Italics ours.) In this connection, the authorities agree that the district attorney is a quasi-judicial officer. Appeal of Nicely et al., 130 Pa. 261, 18 A. 737. In discussing this phase of the prosecuting attorney's duties, the Supreme Court of Oregon held that it is as much the duty of prosecuting attorneys to see that a person on trial is not deprived of any of his constitutional or statutory rights as it is to prosecute him for the crime with which he is being charged. State v. Osborne, 54 Or. 289, 103 P. 62, 20 Ann. Cas. 627.

The very nature of his functions as a prosecutor necessitates that the district attorney be a partisan in the case. Zeal in the prosecution of criminal cases is a praiseworthy and commendable trait in such an officer, and not to be condemned by anyone. A fearless and earnest prosecuting attorney, within the limitations upon his powers and prerogatives, is a bulwark to the peace, safety and happiness of the people. "If convinced of the defendant's guilt, he should, in an honorable way, use every power that he has to secure his conviction. At the same time, it is the duty of the prosecuting attorney, who represents all the people and has no responsibility except fairly to discharge his duty, to hold himself under proper restraint and avoid violent partisanship, partiality, and misconduct which may tend to deprive the defendant of the fair trial to which he is entitled, . . . It is the duty of the prosecutor to see that nothing but competent evidence is submitted to the jury; . . ." 42 Am. Jur., Sec. 20, p. 255.

Section 23, a part of the Bill of Rights, Constitution 1890, directs that "The people shall be secure in their

persons, houses, and possessions, from unreasonable seizure or search; . . ." Violation of this constitutional guaranty by an unreasonable search is tantamount to compelling defendant to testify against himself. Fulton v. Philadelphia, 168 Miss. 30, 148 So. 346. But this section is not violated where the home and premises of a defendant were searched by his consent. Faulk v. State, 127 Miss. 894, 90 So. 481. Although a waiver of its protection is not created by the defendant neither objecting nor consenting to the search. Boyd v. State, 164 Miss. 610, 145 So. 618. The appellant here never consented to the search. In fact, she assaulted the district attorney in resisting it. In dealing with such searches, we must bear in mind that provisions for search and seizure are construed strictly against the State. Elardo v. State, 164 Miss. 628, 145 So. 615. The statutes involved are Sections 2613, 2614, 2615, 2616, Code 1942.

With these observations as prefatory, we proceed to consider further what was done in the case at bar. As stated, the district attorney retained the original search warrant, giving the copy to the deputy, who, however, never read or delivered it to appellant, simply laying it on the table in a room of the house, after the district attorney had made a thorough search of the premises, complete for all practicable purposes. Only just before her arrest thereafter could appellant be said to have known about it at all. It was too late then to legalize retroactively the illegal search already finished, or to make the evidence obtained thereby admissible at the trial of appellant here. The search was, therefore, unreasonable, under the general rule that every search and seizure is unreasonable where it is not made according to law. 47 Am. Jur. at p. 533, Section 52. Thus appellant was thereby deprived of her right to security from unreasonable search guaranteed by Section 23, Constitution 1890, through the cooperation of the district attorney, contrary to the obligation of his office. This was not his purpose, but was, nevertheless, the effect of his activities on this occasion.

A district attorney, while justified in zealous partisanship in the discharge of his duties as a prosecutor, must be fair and impartial too in all of his official actions. The United States Supreme Court had this to say on the subject: "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." Berger v. United States, 295 U. S. 78, 55 S. Ct. 629, 633, 79 L. Ed. 1314. The manifest fact that appellant was guilty, if we abuse our prerogative and consider the incompetent evidence, cannot be the final test here. We do not, indeed, have any more right to consider the evidence to determine her guilt or innocence here, than did the jury in the trial court. Her conviction was wrongful in view of the illegal means employed to produce it, even though the commendable purpose of the district attorney was patently an honest desire zealously to enforce the law against a flagrant offender, to his great credit, personally, be it said.

However, the rule is additionally correctly stated by the Supreme Court of Kentucky in the case of Bennett v. Commonwealth, 234 Ky. 333, 28 S. W. (2d) 24, 26, wherein it said: "It has been often written that a prosecuting attorney should act impartially and see that justice is fairly meted out, which requires fair dealing with an accused in calling him to account for his crime. It is his duty to see that the legal rights of the accused, as well as

those of the commonwealth, are fully protected; to prosecute and not to persecute; to conduct himself with due regard to the proprieties of the office. He represents the people of the state, and in a degree should look after the rights of a person accused of a crime by endeavoring to protect the innocent and seeing that truth and right shall prevail." The conviction there was reversed for a new trial, and the court there condemned especially the practice of prosecuting attorneys testifying except where necessity demanded it.

We are of the opinion, therefore, that here, with the highest motives, the district attorney, by his over-zealous conduct, violated prejudicially his duty to be fair and impartial, and that the objection of appellant to his testifying, and to his evidence should have been sustained. It was not necessary, if the search had been a legal one, because the deputy was present and saw the same intoxicating liquors, which the district attorney had already seen.

As to the eligibility of a district attorney to be a witness for the State, in a case he is prosecuting, the general rule is that "Although a prosecuting attorney is competent to testify, his testifying is not approved by the courts except where it is made necessary by the circumstances of the case, and, if he knows before the trial that he will be a necessary witness, he should withdraw and have other counsel prosecute the case. The propriety of allowing the prosecutor to testify is a matter largely within the trial court's discretion." 70 C. J. 183, Section 247. We have a statute, Section 3924, Code 1942, dealing, as stated supra, with pro tempore appointments of district attorneys, when the duly commissioned incumbent is absent or disqualified. It provides that "the court shall forthwith appoint some attorney at law to act for the state in the place of the district attorney during his absence or inability or disqualification, . . ." We repeat that we think that the trial court was in error when the district attorney was permitted to testify over

objection of appellant, under the circumstances, where he was also acting as the prosecutor in the case.

Similar issues were before the Court in State v. Nicholson (Mo. App.), 7 S. W. (2d) 375, from which we quote the sixth, seventh and ninth syllabi: "6. Duty of prosecuting attorney is not that of a partisan advocate, but to treat defendant fairly under all circumstances and conduct trial so as to leave no room for criticism of method used to secure conviction. 7. Prosecuting attorney should not accompany sheriff when serving search warrant, *in absence of peculiar circumstances making it necessary*. . . . 9. In trial for possessing intoxicating liquor, court did not err in permitting prosecuting attorney to testify as to what transpired at defendant's home when deputy sheriff, accompanied by prosecutor, *served* search warrant." (Italics supplied.)

In its opinion, the Missouri Court, supra, had this to say: "It shows, however, a personal interest on his part in that particular case because he had voluntarily accompanied the deputy sheriff to assist in making a search for intoxicating liquor when, as far as this record shows, there was no necessity for his doing so." 7 S. W. (2d) at page 378. It was directed that the "judgment will be reversed, and the cause remanded, and, if the case is retried, the prosecuting attorney should be disqualified . . ."

In Brashier v. State, supra, objection was made to the district attorney testifying there, too, against the defendant. We pretermitted decision thereon, in view of the reversal and remand because the presiding judge had testified against the defendant, and because we presumed the district attorney would not testify in a retrial. In the case at bar, the question is again before us and calls for decision. We are therefore of the opinion that the objection of appellant, in the trial below, to the appearance of the district attorney as a witness against him, should have been sustained. If that were the only error in the record, we would set aside the judgment and send

the case back for a new trial, the district attorney to be disqualified.

Since, however, for the reasons stated, ante, the search was illegal, and only the district attorney and the deputy appear as available to the State as witnesses, and their evidence is not competent, we are constrained to reverse the judgment of the trial court and discharge the appellant.

Reversed and appellant discharged.