BANKS, Justice,
dissenting from the denial of certiorari:
¶ 1.1 would grant this petition because I disagree with the Court of Appeals’ holding that the search was valid. In my view, the holding that the presence of a syringe alone provides probable cause for an arrest for possession of drug paraphernalia is simply wrong.
¶ 2. Officer Scott Fullwood observed a van parked at a rest stop late in the evening. The next morning at about 6:00 a.m. Fullwood noticed the same van parked in a different parking space. Fullwood stopped to ask if the occupants needed assistance. There were two people in the van, Timothy Chaney and David McGee. Chaney was seated on the driver’s side of the van, and McGee was on the passenger’s side. Fullwood smelled a strong odor of alcohol. Fullwood asked Chaney to step out of the vehicle. Chaney complied. Fullwood conducted a patdown, and no weapons were found. Fullwood then went to talk to McGee. While talking to McGee, Fullwood noticed a syringe on the floor. Fullwood questioned McGee about the syringe. McGee denied any knowledge of the syringe.
¶ 3. Fullwood then went to Chaney and told him to empty his pockets. When Chaney complied, Fullwood found cocaine. The Court of Appeals held that Fullwood’s sighting the syringe supplied probable cause to arrest both Chaney and McGee for possession of drug paraphernalia. I disagree.
¶4. Mere sight of the syringe is not enough under our statute to label it drug paraphernalia. Miss. Code Ann. § (v) (Supp.1999) provides in pertinent part:
[[Image here]]
In determining whether an object is paraphernalia, a court or other authority should consider, in addition to all other logically relevant factors, the following:
(i) Statements by an owner or by anyone in control of the object concerning its use;
(ii) Prior convictions, if any, of an owner, or anyone in control of the object, under any state or federal law relating to any controlled substance;
(iii) The proximity of the object, in time and space, to a direct violation of the Uniform Controlled Substances Law;
(iv) The proximity of the object to controlled substances;
(v) The existence of any residue of controlled substances on the object;
(vi) Direct or circumstantial evidence of the intent of an owner, or anyone in control of the object, to deliver it to persons whom he knows, or should reasonably know, intend to use the object to facilitate a violation of the Uniform Controlled Substances Law; the innocence of an owner, or of anyone in control of the object, as to a direct violation of the Uniform Controlled Substances Law shall not prevent a finding that the object is intended for use, or designed for use as paraphernalia;
(vii) Instructions, oral or written, provided with the object concerning its use;
(viii) Descriptive materials accompanying the object concerning its use;
(ix) National and local advertising concerning its use;
(x) The manner in which the object is displayed for sale;
(xi) Whether the owner or anyone in control of the object is a legitimate supplier of like or related items to the *1183 community, such as licensed distributor or dealer of tobacco products;
(xii) Direct or circumstantial evidence of the ratio of the sales of the object(s) to the total sales of the business enterprise;
(xiii) The existence and scope of legitimate uses for the object in the community;
(xiv) Expert testimony concerning its use.
¶ 5. Further, in my view, seeing a syringe and the denial of ownership of the syringe by the passenger did not give the officer probable cause to search Chaney, the driver. No questions were asked of the driver before proceeding to search him. While that search did result in finding cocaine, probable cause to search an individual can not be based upon the findings of that search. Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); see also Adams v. State, 202 Miss. 68, 30 So.2d 593 (1947). Before the search of Chaney there was no evidence that connected Chaney to illegal drugs. It is also clear that mere suspicion does not give an officer probable cause to arrest or search a person. Michigan v. Clifford, 464 U.S. 287, 104 S.Ct. 641, 78 L.Ed.2d 477 (1984); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. Algie, 721 F.2d 1039, 1043 (6th Cir.1988) (citing Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1948)); see also Turner v. Hudson Salvage, Inc., 709 So.2d 425, 428 (Miss.1998); Godines v. First Guar. Sav. & Loan Ass’n, 525 So.2d 1321, 1324 (Miss.1988). Upon seeing the syringe, Fullwood might have become suspicious. However, as noted above, suspicion is not probable cause.
¶ 6. Moreover, there is nothing in the record which connects the syringe to the cocaine or any other controlled substance. A syringe alone, without any other items remotely affiliated with illegal drugs, is not drug paraphernalia. If we allow the judgment of the Court of Appeals to stand, we will subject diabetics and any others legally taking medication by injection, as well as those who may happen to be driving or occupying vehicles in which such persons have left syringes, to being arrested and searched based solely upon the presence of a common medical tool.
SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.