792 So.2d 286 (2001)
Antonio SANCHEZ, Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-KA-02111-COA.
Court of Appeals of Mississippi.
February 6, 2001.
Rehearing Denied May 8, 2001.
Certiorari Denied August 23, 2001.
*288 William T. Bailey Sr., Lucedale, Ross Parker Simons, for Appellant.
Office of the Attorney General by Scott Stuart, for Appellee.
Before McMILLIN, C.J., BRIDGES and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Antonio Sanchez was convicted of four counts of sexual battery involving two sisters. The first count was against the minor four year old female victim J.W. and the other three counts were against the minor five year old female victim D.W. in George County, with the Honorable Kathy King Jackson presiding at trial. He was sentenced to four thirty-year terms to run concurrently. Mr. Sanchez was then denied his motion for a new trial. Feeling his conviction and sentence to be unjust, Mr. Sanchez appeals in vast detail the following issues:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING INSTRUCTION S-6 WHICH INJECTED THE NON PRESENTED DEFENSE OF INTOXICATION INTO THE CASE, BECAUSE:
a. NOTHING IN THE RECORD SUPPORTS THE GRANTING OF THE INSTRUCTION, AS MR. SANCHEZ DID NOT PRESENT A DEFENSE OF ANY TYPE INTOXICATION, VOLUNTARY OR INVOLUNTARY.
b. THE STATE USED THE PUTATIVE INTOXICATION ISSUE IN ITS CLOSING ARGUMENTS, RELATING TO BOTH THE USE OF ALCOHOL AND MARIJUANA.
c. THE PROSECUTOR BREACHED ITS DUTY TO PROTECT THE CONSTITUTIONAL AND STATUTORY RIGHTS OF THE APPELLANT.
d. IT WAS PLAIN ERROR FOR THE COURT TO GIVE SUCH AN INSTRUCTION.
II. THE COURT ERRED IN PERMITTING THE PROSECUTION TO ELICIT AN OPINION THAT THE VICTIMS WERE TELLING THE TRUTH, BECAUSE:
a. THIS IS PROHIBITED IN MISSISSIPPI PARTICULARLY IN CHILD SEX CASES.
b. THE STATE VIOLATED URCCC 9.04 IN NOT TENDERING THIS EXPECTED TESTIMONY IN DISCOVERY.
c. THE STATE USED THE TESTIMONY IN ITS CLOSING TO BOLSTER OTHERWISE UNSUPPORTED TESTIMONY OF THE MINOR WITNESSES.
d. IT WAS PRESENTED IN THE GUISE OF "EXPERT" TESTIMONY.
III. THE STATE FAILED TO PROVE JURISDICTION, THEREFORE MR. SANCHEZ'S CONVICTIONS SHOULD BE REVERSED.
¶ 2. After a thorough review of the record and the applicable law, we affirm the conviction on counts one through four for sexual battery and the sentence of four *289 thirty year terms to be served concurrently in the custody of the Mississippi Department of Corrections.

FACTS
¶ 3. From July 1 to July 22, 1997, Antonio Sanchez committed sexual battery on two children. He was accused of touching five year old D.W. underneath her clothes placing his finger in her vagina on two separate occasions and licking her vagina. Sanchez was also accused of inserting his finger in the vagina of four year old J.W. Sanchez denied these charges saying that he committed no crimes.
¶ 4. On the evening of July 22, 1997, Terry W., her children, J.W. and D.W., and her boyfriend, Benjamin W. had finished dinner and were about to get some ice cream for dessert. While D.W. and Benjamin went into the kitchen to get ice cream, J.W. told her mother she did not want any. When Terry inquired, J.W. told her mother that she wanted to wait until Tony[1] got there "because he plays with me." When pressed further, J.W. told her that Tony played with her vagina. Terry called Benjamin into the living room and told J.W. to tell him what they were just discussing. When D.W. entered the room Terry and Benjamin asked her if Tony played with her also. She was hesitant but answered yes. D.W. said that Tony also licked her vagina and then tried to kiss her when he was done.
¶ 5. The children were taken to the George County Hospital and examined by Dr. James Vanderwood. His examination showed no physical manifestation of sexual abuse, but he testified that he did believe that the girls had been abused because their statements were independently obtained and remarkably consistent.

APPLICABLE LAW AND DISCUSSION

I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING INSTRUCTION S-6 WHICH INJECTED THE NON PRESENTED DEFENSE OF INTOXICATION INTO THE CASE.
¶ 6. Sanchez protests that Jury Instruction S-6[2] was given without the issue of his intoxication having been placed before the jury. The standard of review in evaluating jury instructions is found in Collins v. State, 691 So.2d 918, 922 (Miss. 1997).
In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.
Id. (quoting Hickombottom v. State, 409 So.2d 1337, 1339 (Miss.1982)).
*290 ¶ 7. The main query is whether (1) the jury instruction contains a correct statement of the law and (2) whether the instruction is warranted by the evidence. Church v. Massey, 697 So.2d 407, 410 (Miss.1997)(citing Hill v. Dunaway, 487 So.2d 807, 809 (Miss.1986)). "The admissibility of evidence rests within the trial court's discretion." Wade v. State, 583 So.2d 965, 967 (Miss.1991). This Court reverses a decision made within the trial court's discretion only if that discretion has been abused. Crawford v. State, 754 So.2d 1211, 1215 (Miss.2000)
a. Nothing in the record supports the granting of the instruction, as Mr. Sanchez did not present a defense of any type intoxication, voluntary or involuntary.
¶ 8. Sanchez's concern is that the instruction should not have been given because voluntary intoxication was not claimed as a defense and therefore was not in evidence. The record states that Sanchez gave a statement to the deputy upon his arrest. The record further documents that in this statement Sanchez told Deputy Tanner that he had been drinking beer that day to which the deputy testified in court. According to McKnight v. State, 738 So.2d 312, 318 (Miss.Ct.App.1999) the issue of intoxication was properly placed before a jury when law enforcement testified to the statement given by the defendant upon arrest. McKnight, 738 So.2d at 318-19.
¶ 9. Sanchez volunteered information regarding his intoxication or drinking alcohol in his testimony at trial and in his statement to the deputy. Because of that statement and the deputy's testimony, "the requisite basis existed for the trial court to grant this instruction." McKnight, 738 So.2d at 318-19. It is true that Sanchez did not offer voluntary intoxication as a defense. In fact, he contended throughout the trial that he committed no crimes at all. While Sanchez points out that one day of drinking does not necessarily cover four incidences that allegedly occurred on different days, it does not necessarily exclude it either. With or without Jury Instruction S-6 regarding voluntary intoxication, the jury heard testimony on Sanchez's alcohol consumption and ruled accordingly.
¶ 10. The instruction S-6 was a correct statement of the law, a fact conceded by Sanchez in his reply brief. The issue of intoxication was in the recorded testimony of Antonio Sanchez and Officer James Tanner and this was properly before the jury to be considered in their verdict.
b. The State used the putative intoxication issue in its closing arguments, relating to both the use of alcohol and marijuana.
¶ 11. In the State's closing the prosecutor alluded to men who commit predatory crimes using alcohol or marijuana as an excuse for their acts. As pointed out in Sanchez's brief, admitted to in the State's brief, and recorded in the transcript, there was no mention of the use of marijuana in testimony. Trial counsel properly objected to this shameful insertion of irrelevant information by the prosecution. Upon being caught and chastised, the prosecution acknowledged that there was nothing in the record about drug use.
¶ 12. At this point the decision was left up to the judge to decide how objectionable the statements were. This is well settled in our state.
The reviewing court recognizes that the trial judge is in the best position to determine whether an objectionable remark has had any prejudicial effect. Roundtree v. State, 568 So.2d 1173, 1177 (Miss.1990); Alexander v. State, 520 So.2d 127, 131 (Miss.1988). For this reason, the trial court is allowed considerable *291 discretion in determining whether a remark was so prejudicial that it warrants a mistrial. Id.

Shipp v. State, 749 So.2d 300, 303 (Miss.Ct. App.1999).
¶ 13. Once the episode was over, the prosecutor did clarify to the jury that he was in no way asserting that the defendant had been using marijuana as there was nothing in the record that supported such a finding. Clearly, Judge Jackson felt like the clarification provided by the prosecutor negated any prejudice that may have initially weighed on the jury. However, this Court feels that the mention of items not in evidence before the jury is despicable if done so intentionally and shameful if done so unintentionally. Not only is it the prosecution's responsibility to secure convictions of criminals, but the prosecution also has a duty to uphold the integrity of the court as an officer of the court. While not reversible error this time, the prosecutor here should have been, and in the future should be, more self-conscious and aware of the evidence before the jury during closing arguments.
c. The Prosecutor breached his duty to protect the constitutional and statutory rights of the appellant.
¶ 14. The State's brief addresses this issue correctly by focusing on the duties of the prosecutor as an officer of the court.
The prosecuting attorney as a representative of the State has an obligation to be fair in his prosecution. This is an obligation he can fulfill without relaxing his solemn duty to vigorously prosecute. In Adams v. State, 202 Miss. 68, 30 So.2d 593 (Miss.1947), we stated:
The very nature of his function as a prosecutor necessitates that the district attorney be a partisan in the case. Zeal in the prosecution of criminal cases is a praiseworthy and commendable trait in such an officer, and not to be condemned by anyone. A fearless and earnest prosecuting attorney, within the limitations upon his powers and prerogatives is a bulwark to the peace, safety and happiness of the people. "If convinced of the defendant's guilt, he should, in an honorable way, use every power that he has to secure his conviction. At the same time, it is the duty of the prosecuting attorney, who represents all the people and has no responsibility except fairly to discharge his duty, to hold himself under proper restraint and avoid violent partisanship, partiality, and misconduct which may tend to deprive the defendant of the fair trial which he is entitled, * * * It is the duty of the prosecutor to see that nothing but competent evidence is submitted to the jury; * * *" 42 Am. Jur., Sec. 20, p. 255 [Emphasis added]
Hosford v. State, 525 So.2d 789, 792 (Miss.1988)(quoting Adams, 202 Miss. at 75, 30 So.2d at 596).
¶ 15. A prosecutor also has the responsibility to assure that all of the constitutional and statutory rights of the defendant are protected. Adams, 202 Miss. at 75, 30 So.2d at 596. The district attorney did not commit any infraction that can be held to be reversible error. He made the statements about drugs and alcohol and then clarified to the jury the difference between the evidence in the record versus his conjecture. There is no reversible error here.
d. It was plain error for the court to give such an instruction.
¶ 16. The Plain Error doctrine is the vehicle whereby an error affecting the substantial rights of a defendant but not brought to the attention of the trial court *292 or an appellate court can be addressed. Grubb v. State, 584 So.2d 786, 789 (Miss. 1991). M.R.E. 103(d) states that plain errors affect the substantial rights of a party may be addressed even if they are not properly brought to the attention of the court.
The plain error doctrine requires that there be an error and that error must have resulted in a manifest miscarriage of justice. Gray v. State, 549 So.2d 1316, 1321 (Miss.1989). Both error and harm must be found for reversal. Frierson v. Sheppard Bldg. Supply Co., 247 Miss. 157, 171, 154 So.2d 151, 156 (Miss. 1963).
Riggs v. State, 744 So.2d 365, 372 (Miss.Ct. App.1999).
¶ 17. As discussed in the above paragraphs, the jury instruction was a proper statement of the law and the testimony placed intoxication at issue. Instruction No. S-6 was properly given and the judge was not remiss in allowing the jury to consider it.

II. THE COURT ERRED IN PERMITTING THE PROSECUTION TO ELICIT AN OPINION THAT THE VICTIMS WERE TELLING THE TRUTH, BECAUSE:
a. This is prohibited in Mississippi particularly in child sex cases.
b. The State violated URCCC 9.04 in not tendering this expected testimony in discovery.
c. The State used the testimony in its closing to bolster otherwise unsupported testimony of the minor witnesses.
d. It was presented in the guise of "expert" testimony.
¶ 18. In order for an issue to be reviewed on appeal by an appellate court, the issue must have been properly reserved for appeal during trial. Sanchez is procedurally barred from raising an issue on appeal that was not preserved during trial with a contemporaneous objection. "Unless timely and specific objection is made to allegedly improper testimony, the objection is deemed waived and may not be raised on appeal." McQuarter v. State, 574 So.2d 685, 688 (Miss.1990); Singleton v. State, 518 So.2d 653 (Miss.1988); see also Shelton v. State, 445 So.2d 844 (Miss. 1984); Baker v. State, 327 So.2d 288, 293 (Miss.1976). After an extensive examination of the record, no objection was found. The defense did not object to the testimony at the time it was uttered in order to preserve it for appeal. Because of the lack of objection this issue is without merit.

III. THE STATE FAILED TO PROVE JURISDICTION, THEREFORE MR. SANCHEZ'S CONVICTIONS SHOULD BE REVERSED.
¶ 19. Sanchez raises several issues regarding the jurisdiction of the four counts of sexual battery. One being that it was hard for little J.W. and D.W. to remember all the details from two years earlier. It was difficult for the children to remember exactly where the abuse was inflicted upon them. D.W. was able to tell whose houses she was in when the abuse occurred. Both of those sites are in George County. The incident in the truck was supported by testimony and sufficient evidence that placed them between Mobile County, George County and Jackson County.
¶ 20. In addition, even though the jurors requested a clarification of locations for two of the counts and were unable to get the clarification, they were able to believe beyond a reasonable doubt that Sanchez did molest these two children. The evidence here supported this guilty verdict and while Sanchez alleges that the *293 evidence was weak, it was clearly sufficient.
¶ 21. THE JUDGMENT OF THE GEORGE COUNTY CIRCUIT COURT OF CONVICTION OF COUNTS I, II, III, AND IV OF SEXUAL BATTERY AND SENTENCES OF THIRTY YEARS EACH TO RUN CONCURRENTLY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GEORGE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, and CHANDLER, JJ., concur.
IRVING, J., concurs in result only.
NOTES
[1] Mr. Sanchez was referred to as Tony by several of the witnesses including the victims.
[2] Jury Instruction S-6 reads as follows:

The Court instructs the Jury that if a Defendant, when sober, is capable of distinguishing between right and wrong, and voluntarily deprives himself of the ability to distinguish between right and wrong by reason of becoming intoxicated by use of alcohol or drugs and commits an offense while in that condition, that Defendant is criminally responsible for such acts. Therefore, Defendant, ANTONIO SANCHEZ, was capable of distinguishing between right and wrong at the time of the alleged offense or that that (sic) Defendant voluntarily deprived himself of the ability to distinguish between right and wrong by becoming intoxicated by the use of alcohol or drugs, and while in that condition committed any of the offenses of Sexual Battery, then that Defendant is criminally responsible for that act, and in such event you should find that Defendant guilty as charged.